UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR RAY BOLIN, JR.,

    Petitioner,

v.                             Case No. 8:15-cv-2943-JDW-MAP
                                                   <u>Death Penalty Case</u>

SECRETARY, DEPARTMENT
OF CORRECTIONS, ET AL.

    Respondents.
_____/

<u>**LIMITED RESPONSE REGARDING THIS COURT'S JURISDICTION TO CONSIDER PETITIONER'S SUCCESSIVE HABEAS PETITION**</u>

    Respondents, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al., pursuant to this Court's order of December 28, 2015 (Dkt. 5), hereby file this limited response to Petitioner's successive petition for writ of habeas corpus, and respectfully requests that this Court dismiss the unauthorized petition for lack of jurisdiction. As grounds therefore, Respondents state:

    1. On December 28, 2015, Petitioner filed a second or successive petition for writ of habeas corpus with this Court without first obtaining an order from the Eleventh Circuit Court of Appeals authorizing such filing. (Dkt. 1). On the same date, this Court issued an order requiring

Respondent to file a limited response directed to the question of whether this Court has jurisdiction to consider the merits of the petition. (Dkt. 5).

2. Petitioner acknowledges that he previously filed a habeas petition pursuant to 28 U.S.C. § 2254 with this Court in July, 2010, raising two claims involving ineffective assistance of trial counsel. This Court issued an order denying Bolin's petition, noting that the petition was not timely under the AEDPA as Bolin failed to file his petition within the one-year time limit required by 28 U.S.C. § 2244(d)(1)(A). Although Bolin completely ignores this fact, this Court also, "in the interests of justice," extensively addressed the merits of Bolin's two habeas claims and found that neither claim had merit. <u>Bolin v. Secretary, Fla. Dept. of Corr.</u>, No. 8:10-cv-1571-T-27EAJ, 2013 WL 3327873 (M.D. Fla. July 1, 2013).

3. On August 7, 2013, Petitioner filed an application for a certificate of appealability (COA) in the Eleventh Circuit Court of Appeals. On September 20, 2013, the Eleventh Circuit issued an order denying COA and stated that "[e]ven assuming that his habeas petition was not barred by the statute of limitations, Bolin has not made a

2

'substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), because he cannot demonstrate that reasonable jurists would debate the district court's assessment of his claims of ineffectiveness of counsel." <u>Bolin v. Secretary, Fla. Dept. of Corr.</u>, No 13-13539-P (Sept. 20, 2013) (unpublished).

    4. Now, Petitioner has improperly filed a second or successive petition for writ of habeas corpus without first obtaining an order from the court of appeals authorizing the filing of such a petition. Under the clear dictates of the AEDPA, Bolin must meet several strict requirements of 28 U.S.C. § 2244 before filing a successive habeas petition, including obtaining prior authorization from the court of appeals. See <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530, 125 S. Ct. 2641 (2005) (stating that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). As the Eleventh Circuit Court of Appeals noted in <u>In re Hill</u>, 715 F.3d 284 (11th Cir. 2013):

> Section 2244 was enacted as part of the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA"). "[O]ne of the principal functions of AEDPA was to ensure a greater degree of finality for convictions." Gilbert v. United States, 640 F.3d 1293, 1310 (11th Cir. 2011) (en banc); see also Johnson v. United States, 340 F.3d 1219, 1224 (11th Cir. 2003); Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) ("A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings."). The Supreme Court has instructed that AEDPA's purpose is to advance the principles of comity, finality, and federalism. Williams v. Taylor, 529 U.S. 420, 436, 120 S. Ct. 1479, 1490, 146 L. Ed. 2d 435 (2000). As we have explained:

> The statutory bar against second or successive motions is one of the most important AEDPA safeguards for finality of judgment.... "The central purpose behind the AEDPA was to ensure greater finality of state and federal court judgments in criminal cases, and to that end its provisions greatly restrict the filing of second or successive petitions."

Gilbert, 640 F.3d at 1311 (quoting Gonzalez v. Sec'y for Dep't of Corrs., 366 F.3d 1253, 1269 (11th Cir. 2004) (en banc), aff'd on other grounds sub nom., Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)); see also Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 2481–82, 150 L. Ed. 2d 632 (2001) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."). "If second and successive motions are not 'greatly restrict[ed],' there will be no end to collateral attacks on convictions and sentences, and there will be no finality of judgment." Gilbert, 640 F.3d at 1311 (quoting Tyler, 533 U.S. at 661, 121 S. Ct. at 2481).

**One tool AEDPA uses to restrict successive**

> **petitions is the requirement that petitioners, like Hill, obtain permission from this Court before they can file a successive § 2254 petition in a district court. Specifically, § 2244(b)(3)(A) requires a state prisoner seeking to file a second or successive habeas petition to move this Court "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).**

In re Hill, 715 F.3d at 290-91 (emphasis added). When a petitioner fails to comply with this requirement of obtaining authorization from the circuit court of appeals, this Court lacks jurisdiction to consider his petition. Burton v. Stewart, 549 U.S. 147, 156, 127 S. Ct. 793 (2007) ("The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a "second or successive" petition challenging his custody, and so the District Court was without jurisdiction to entertain it. The judgment of the Court of Appeals for the Ninth Circuit is therefore vacated, and the case is remanded with instructions to direct the District Court to dismiss the habeas petition for lack of jurisdiction."); Tompkins v. Secretary, Dept. of Corr., 557 F.3d 1257 (11th Cir. 2009) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ

of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.").

5. Petitioner presents to this Court an erroneous argument that he does not have to comply with the requirements of section 2244 because his first habeas petition was dismissed as untimely and therefore does not count under the AEDPA.[1] Petitioner's reliance on McQuiggin v. Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), for the proposition that his initial habeas "did not count" for purposes of section 2244(b) is clearly misplaced. In Perkins, the Court addressed an actual innocence claim in an untimely *initial* habeas petition and specifically noted that its decision did not involve second or successive habeas petitions. Id. at 1933-34. Petitioner claims that the Eleventh Circuit Court of Appeals has not addressed the "interplay" between Perkins and section 2244(b), but that is incorrect as the Eleventh Circuit has properly noted that Perkins is "clearly not on point" to cases involving successive or second habeas petitions as Perkins was

---

[1] Petitioner has presented this same argument to the Eleventh Circuit Court of Appeals in his consolidated application for leave to file a second habeas, and Respondent submits that the court of appeals is the appropriate court to address this argument.

6

specifically limited to *initial* habeas petitions. See In re Holsey, 589 Fed. Appx. 462, 466-67 (11th Cir. 2014) (noting that Perkins did not address § 2244(b) petitions and was "clearly not on point"); Candelario v. Warden, 592 Fed. Appx. 784, 785 (11th Cir. 2014) ("The Perkins Court emphasized that its holding concerned an *initial* habeas petition brought by a state prisoner; it did not discuss successive petitions by federal prisoners.").

6. In the case at bar, Bolin has previously litigated a prior federal habeas petition and both this Court and the Eleventh Circuit have concluded that his petition was time barred and his two habeas claims were without merit. Under the clear dictates of the AEDPA, this Court lacks jurisdiction to consider Bolin's instant successive habeas petition alleging "actual innocence" because Bolin has failed to first obtain an order from the Eleventh Circuit Court of Appeals authorizing the filing of such a petition.

WHEREFORE, this Court should dismiss the instant successive petition for lack of jurisdiction.

Respectfully submitted,

/s/ Stephen D. Ake
STEPHEN D. AKE
Assistant Attorney General
Florida Bar No. 0014087
3507 East Frontage Road, Suite 200
Tampa, Florida 33607-7013
Telephone: (813) 287-7910
Facsimile: (813) 281-5501
capapp@myfloridalegal.com [and]
stephen.ake@myfloridalegal.com

Counsel for Respondents

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of December, 2015, I electronically filed the foregoing LIMITED RESPONSE REGARDING THIS COURT'S JURISDICTION TO CONSIDER PETITIONER'S SUCCESSIVE HABEAS PETITION with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Bjorn E. Brunvand, Esquire, Brunvand Wise, P.A., 615 Turner Street, Clearwater, Florida 33756; E-mail: **bjorn@acquitter.com**.

/s/ Stephen D. Ake
Counsel for Respondents