UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR RAY BOLIN, JR.,

    Petitioner,

v.                                                CASE NO. 8:15-cv-2943-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Oscar Ray Bolin's Petition for a Writ of Habeas Corpus by a Prisoner in State Custody Under a Sentence of Death (petition) (Dkt. 1) filed pursuant to 28 U.S.C. § 2254, and Emergency Motion for Stay of Execution (Dkt. 2), and Respondent's limited response on jurisdiction (Dkt. 6), and Bolin's reply (Dkt. 7). Bolin's petition constitutes a second or successive petition and therefore this Court lacks jurisdiction to consider it.

### PROCEDURAL BACKGROUND

In 2001, Bolin was convicted and sentenced to death for the murder of Teri Lynn Matthews. After post-conviction relief was denied in the state courts, Bolin filed a petition for writ of habeas corpus in this court, which was denied on July 1, 2013. *See Bolin v. Sec'y, Dept. of Corrections*, Case No. 8:10-cv-1571-T-27EAJ (M.D.Fla; Dkt. 31).[1] The Eleventh Circuit denied his request for a certificate of appealability. (Id. at Dkt. 35). Bolin then sought successive post-conviction relief in state court. After an evidentiary hearing, post-conviction relief was denied by the state trial court.

---

[1] This Court found that the petition was time-barred and, alternatively, denied Petitioner's claims on the merits.

The Florida Supreme Court affirmed on December 17, 2015. *Bolin v. State*, 2015 Fla. LEXIS 2826 (Fla. December 17, 2015). Bolin is scheduled for execution on January 7, 2016. He filed the instant petition on December 28, 2015, raising two grounds for relief:

1. The State suppressed exculpatory evidence in violation of the Sixth and Fourteenth Amendments; and

2. He is actually innocent of the murder of Matthews.

## DISCUSSION

Before considering the merits of Bolin's claims, this court must determine whether it has jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). "[T]he party invoking federal court jurisdiction, [Bolin], has the burden to establish that jurisdiction exists." *Wylie v. Red Bull N. Am., Inc.*, 2015 U.S. App. LEXIS 16695, at *5 (11th Cir. Sept. 21, 2015) (citation omitted).

Generally, a petitioner seeking federal habeas relief is barred from filing a second or successive petition. 28 U.S.C. § 2244(a).[2] Before filing a second or successive petition in the district court, the petitioner must move for an order from the appropriate circuit court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244 (3)(A).[3] The instant petition is Bolin's second federal habeas petition and he acknowledges that he has not obtained an order from the Eleventh Circuit authorizing this Court to consider it (although he has such a request pending). Without authorization from the court of appeals, this Court lacks jurisdiction to consider Bolin's

---

[2] *See Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (discussing the successive petition bar of §2255(h)).

[3] *See In re Lambrix*, 776 F.3d 789 (11th Cir. 2015) (discussing successive petition analysis required by 28 U.S.C. § 2244(3)(C); 28 U.S.C. § 2244(3)(C)("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection").

successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("Subject to exceptions not present in this case, a district judge lacks jurisdiction to decide a second or successive petition filed without our authorization.").

While the bar on second or successive motions is "meant to forestall abuse of the writ of habeas corpus," "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart*, 646 F.3d at 859. Where, for example, "a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" *Id.* at 860 (quoting *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003)(en banc)). As *Stewart* explains, "'[c]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" *Id.* at 863 (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 221, 222 (5th Cir. 2009)).

The claims Bolin seeks to raise do not fall within the "small subset of unavailable claims that must not be categorized as successive." *Id.* at 863; *see Panetti v. Quartermann*, 551 U.S. 930 (2007) (*Ford* claim which did not ripen until death warrant signed non-successive); *Leal Garcia v. Quarterman*, *supra* (claim non-successive because it did not exist before first habeas proceeding concluded). Accordingly, this Court lacks jurisdiction to consider Bolin's petition.

## Claim I - THE STATE SUPPRESSED EXCULPATORY EVIDENCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

### A. Steven Kasler confession

Bolin contends that an Ohio inmate, Steven Kasler, confessed to having murdered Matthews.

3

Bolin asserts that the State became aware of Kasler's confession through another prisoner, Stephen Crane "sometime in 2013" but did not disclose that information to him until 2014, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[4] Bolin, however, does not demonstrate when in 2013 the State learned of Kasler's alleged confession. This claim therefore cannot be characterized as "non-successive," since it cannot be determined whether the basis for this claim existed before or after Bolin's first § 2254 petition concluded on July 1, 2013. Bolin must therefore obtain an order from the Eleventh Circuit authorizing this Court to consider it.

### B. FBI Agent Michael Malone

Bolin contends that newly discovered evidence, a July 2014 report from the Department of Justice's Office of the Inspector General (OIG) and 2014 correspondence from the Department of Justice to Bolin's prior counsel indicates that serological evidence used at his trial was "likely mishandled and compromised" by former FBI Agent Michael Malone, and that Malone was suspected of misconduct "that brought about the presentation of false evidence and led to false convictions in numerous criminal cases." Bolin contends that the State was aware of Malone's "improprieties" as early as 1998 and therefore violated *Brady* by failing to disclose 1) an ongoing investigation by the Department of Justice against Malone, 2) evidence that Malone handled the serological evidence used at Bolin's trial, and 3) evidence of communications between the Department of Justice and the State regarding the investigation into Malone.

According to Bolin, this alleged *Brady* violation occurred as early as 1998. Therefore, the basis for this claim existed years before his initial federal habeas proceedings concluded in 2013.

---

[4]In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

Accordingly, the claim is successive and this Court lacks jurisdiction to consider it absent authorization from the Eleventh Circuit.[5]

**Claim II - PETITIONER IS ENTITLED TO RAISE AND SHOULD BE GRANTED RELIEF ON A FREESTANDING ACTUAL INNOCENCE CLAIM ON FEDERAL HABEAS REVIEW.**

The basis for Bolin's actual innocence claim is that Kasler murdered Matthews. The factual basis for this claim existed well before the proceedings on his initial habeas petition concluded. Although Bolin may not have learned of Kasler's alleged confession until "sometime in 2013," "claims based on a *factual* predicate not previously discoverable are successive." *Stewart*, 646 F.3d at 863 (citing *Leal Garcia*, 573 F.3d at 221, 222) (emphasis in original)). Because Bolin's actual innocence claim is successive, § 2244(b)'s "gatekeeping provision" applies. This Court therefore lacks jurisdiction to consider the claim absent authorization from the Eleventh Circuit.

Accordingly, Bolin's Petition for a Writ of Habeas Corpus by a Prisoner in State Custody Under a Sentence of Death (Dkt. 1) is **DISMISSED** for lack of jurisdiction. Bolin's Emergency Motion for Stay of Execution (Dkt. 2) is **DENIED**. The **Clerk** is directed to close this case.

Bolin is granted a certificate of appealability (COA) on the issue of the district court's

---

[5] Bolin argues that the "gatekeeping requirement" of § 2244(b) does not apply. Relying on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), he contends that the instant § 2254 petition should be considered his initial petition for purposes of AEDPA, since he is actually innocent and his initial § 2254 petition was dismissed as time-barred. Bolin's argument is unavailing.

"*McQuiggin* held that actual innocence, if proved, may serve as a gateway through which a petitioner may bring an untimely federal habeas petition." *In re Moss*, 2013 U.S. App. LEXIS 26125, at *5 (11th Cir. Oct. 23, 2013) (unpublished) (citing *McQuiggin*, 133 S.Ct. at 1928) (emphasis added). *McQuiggin* does not authorize circumvention of the bar against filing second or successive habeas petitions. *See In re Garcia*, 2014 U.S. App. LEXIS 24957, at *4 (11th Cir. Feb. 19, 2014) ("[A]lthough *McQuiggin*, was decided in the context of collateral review, the Court indicated that its holding was limited to initial habeas petitions and was not applicable to second or successive petitions.") (citing *McQuiggin*, 133 S.Ct. at 1933-34). Even if, as Bolin argues, the "essential principle of *McQuiggin*" should be extended to create an exception to the bar against a successive petition where the initial petition was dismissed as time-barred, the exception would not be applicable to Bolin because his initial petition was alternatively denied on the merits. *See Bolin v. Sec'y, Dept. of Corrections*, Case No. 8:10-cv-1571-T-27EAJ (M.D.Fla; Dkt. 31).

jurisdiction.

**DONE AND ORDERED** on this _30th_ day of December, 2015.

/s/ James D. Whittemore
JAMES D. WHITTEMORE
United States District Judge

Copy furnished to: Counsel of Record